## Scott Estate

*P. Daniel Altland,* for administrator.
*Joseph J. Dixon,* for objector.

SWOPE, *P.J.,* July 29, 1982—Objections have been filed by Willie R. Sawyers to the first and final account of John C. Scott, administrator of the estate of Gussie M. Scott, a/k/a Gussie Daniels Scott, deceased. The deceased died intestate on July 13, 1980, and the first and final account of the estate was filed on June 10, 1981. The objector objects to the proposed distribution of the estate because of the fact that seven other grandchildren of the deceased are mentioned for distribution, while Mr. Sawyers is excluded. Mr. Sawyers is a grandchild of the deceased through his father's (Willie Russell

Daniels) bloodline. The distinction between Mr. Sawyers and the other grandchildren is the fact that they have different mothers. All seven grandchildren scheduled for distribution are the children of Willie R. Daniels, decedent's son by a former marriage, and Matilda R. Daniels. Mr. Sawyers' mother was Viola Beverly Sawyers and was never married to Willie R. Daniels. Matilda R. Daniels died August 1, 1971, and Willie R. Daniels died May 16, 1973.

Willie R. Sawyers has filed these objections to the first and final account, alleging that he is the son of Willie R. Daniels, decedent's son, and that he is therefore entitled to share in the distribution of the estate in similar fashion to the other grandchildren of decedent.

John C. Scott, administrator of the estate of Gussie M. Scott, has filed preliminary objections to the objections filed by Mr. Sawyers, challenging Mr. Sawyers' right to share in the distribution under section 2107 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §2107. It is these preliminary objections that are now before the court for disposition.

The disposition of the objections depends upon the application of section 2107 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §2107, and its effective date.

Section 2107 of the Probate, Estates and Fiduciaries Code was amended on November 26, 1978, to permit illegitimate children to inherit through or from their fathers as well as their mothers, in certain circumstances. This amendment was enacted in conformation with the United States Supreme Court's decision in Trimble v. Gordon, 430 U.S. 762 (1977), where the court held that a classification based upon illegitimacy is required

to bear a rational relationship to a legitimate state interest. We are convinced that section 2107 of the Probate, Estates and Fiduciaries Code, as amended, meets this rational relationship test, and that despite Mr. Sawyers' objections to the contrary, the statute does not violate the equal protection clause of the Fourteenth Amendment.

Prior to the amendment of November 26, 1978, section 2107 of the Probate, Estates and Fiduciaries Code permitted illegitimate children to inherit through or from their mothers, but not their fathers. Prior to amendment, the section provided, in pertinent part, as follows:

"Child of mother.—For purposes of descent by, from and through a person born out of wedlock, he shall be considered the child of his mother but not of his father."

20 Pa.C.S.A. §2107 (repealed November 26, 1978). In 1978, this section was amended, by the Act of November 26, 1978, P.L. 1269, to read, in pertinent part, as follows:

"Child of father.—For purposes of descent by, from and through a person born out of wedlock, he shall be considered the child of his father when the identity of the father has been determined in any one of the following ways:

1. If the parents of a child born out of wedlock have married each other.

2. If during the lifetime of the child, the father openly holds out the child to be his and receives the child into his home, or openly holds the child out to be his and provides support for the child which shall be determined by clear and convincing evidence.

3. If there is clear and convincing evidence that the man was the father of the child, which may include a prior court determination of paternity."

20 Pa.C.S.A. §2107(c). Thus, prior to November 26, 1978, a child born out of wedlock was permitted to receive an intestate share of his mother's estate, but was barred from receiving a similar share of his father's estate. The Pennsylvania Legislature, in Act 303, permitted descent to illegitimate children on the paternal side under the circumstances enumerated above. However, in so doing, the legislature limited Act 303 to prospective application only. Section 5 of Act 303 provides:

"This Act shall be effective immediately, but its provisions shall not apply to wills or conveyances executed prior to its effective date or to rights from and through a child's father if the father had died prior to the effective date of this Act."

Thus, under the Probate, Estates and Fiduciaries Code, an illegitimate child whose father has died prior to November 26, 1978, is barred from receiving rights "from and through" that father.

In the instant case, it is apparent that Mr. Sawyers, if he is to inherit at all, must do so "from and through" his father, Willie R. Daniels. Under sections 2101 and 2103 of the Probate, Estates and Fiduciaries Code, one-half of decedent's estate goes to the surviving issue of her deceased child, Willie R. Daniels. Mr. Daniels' surviving children necessarily inherit through him. Any claim by Mr. Sawyers must also come through Willie R. Daniels. However, section 5 of Act 303 expressly provides that it shall not apply to instances where the father through whom the illegitimate child is to inherit dies prior to the effective date of the Act. Since Willie R. Daniels died in 1973, the provisions of Act 303 do not apply, and Mr. Sawyers is not entitled to share in the distribution of Gussie M. Scott's estate.

In order to pass constitutional muster, Act 303 must bear a rational relationship to a legitimate state interest: Trimble v. Gordon, 430 U.S. 762 (1977). We are convinced that establishing a method of property dispensation that results in the prompt and final disposition of decedents' estates is such a legitimate state interest. It is readily apparent that finality and certainty were among the motivating factors in the legislature's enactment of Section 5 of Act 303. To hold Section 5 of the act unconstitutional would open innumerable estates already settled and closed to collateral attack by illegitimate children who would now seek to obtain a share of the estate. The state has a legitimate interest in preventing the opening of such a floodgate on its courts, and the legislature's limiting the retroactive effect of the act presents a rational means of furthering that state interest.

Because Willie R. Daniels, through and from whom objector must inherit in order to obtain any of decedent's estate, died prior to the effective date of Section 2107 of the Probate, Estates and Fiduciaries Code, objector Willie R. Sawyers has failed to state a claim upon which relief may be granted.

Accordingly, we make the following

## ORDER

And now July 29, 1982, the preliminary objections of John C. Scott, administrator of the estate of Gussie M. Scott, a/k/a Gussie Daniels Scott, deceased, are hereby sustained, and the objector's objections dismissed. The distribution of the estate is to be carried out in accordance with the first and final account of John C. Scott, administrator.